IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert M. WEIDENBAUM, Attorney at Law.

Supreme Court

*No. 95–0815–D. Filed October 13, 1995.*

(Also reported in 538 N.W.2d 255.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

PER CURIAM. We review the recommendation of the referee that the license of Attorney Robert M. Weidenbaum to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of his having represented a client when that representation was directly adverse to another client, representing a client when that representation was materially limited by his responsibilities to another client and by his own interests, entering into three loan transactions with a client that were not fair or reasonable to the client without the client's consent or opportunity to consult with independent counsel, and testifying falsely during a deposition in a divorce proceeding and in the Board of Attorneys Professional Responsibility's (Board) investigation into his professional misconduct. We determine that the misconduct of Attorney Weidenbaum in these matters is sufficiently serious to warrant the recommended license suspension.

Attorney Weidenbaum was admitted to practice law in Wisconsin in 1980 and practices in St. Francis. He has not previously been the subject of a disciplinary proceeding. Upon his plea of no contest to the allegations of the Board's complaint, the referee, Attorney Jean DiMotto, made the following findings of fact.

In 1988, Attorney Weidenbaum represented a business owned by a client whose spouse was in charge of its day-to-day operation. In the spring of 1989, he agreed to incorporate a new business entity that would be a wholly owned subsidiary of the client. However, the client and his spouse separated and Attorney Weidenbaum then incorporated the new entity with all of its shares in the name of the client's spouse. He did so without the consent of his client, even though he was aware of the couple's separation and despite the fact

that the client had paid all of the fees relating to the incorporation of the new entity.

At the spouse's direction and without consulting or obtaining the consent of the client, Attorney Weidenbaum redrafted an unexecuted agreement he had previously drafted for the client, substituting the new entity for the client. The redrafted agreement was executed in June, 1989 and revenue from it went to the new entity instead of to the original client.

Also in the spring of 1989, while he was incorporating the new entity, Attorney Weidenbaum received from the client's spouse two personal checks, one in the amount of $7,000 and the other in the amount of $1,500, each of which he placed in his personal checking account and used the proceeds to pay personal expenses. He did not give the spouse any collateral for those funds or a writing setting forth the terms for their repayment. During the Board's investigation of this matter, Attorney Weidenbaum testified that he merely cashed those checks for the spouse and gave her the proceeds.

In September, 1989, the spouse loaned Attorney Weidenbaum $11,000 but she gave no written consent to that transaction. Attorney Weidenbaum gave no collateral for that loan and there was no requirement that he repay it by a date certain. Further, the amount of the loan set forth in his letter acknowledging it was approximately $1,100 less than the money he actually received.

In February, 1990, Attorney Weidenbaum undertook to represent the spouse in a divorce proceeding. When notified by the attorney for her husband of a possible conflict of interest, based on his having represented the husband's business as well as the new entity, his possession of client confidences and the pos-

sibility that he might be called as a witness regarding the formation and ownership of various assets of the marriage, Attorney Weidenbaum responded that he reviewed the applicable rules of attorney professional conduct and concluded that his representation of the spouse was not substantially related to his representation of her husband's business. He did not, however, discuss any possible conflict of interest with the husband or obtain written consent for the spouse's representation from either of the parties.

In March, 1990, Attorney Weidenbaum vacationed with the spouse, using airline tickets that set forth her surname as Weidenbaum. Attorney Weidenbaum did not obtain his client's consent to his continued representation of her in the divorce proceeding in light of the effect their personal relationship might have on the already hostile divorce proceeding. Attorney Weidenbaum eventually withdrew from that representation in June, 1990, just prior to a hearing on a motion to compel his withdrawal. However, he continued to represent the spouse in business matters.

In July, 1991, during a deposition taken in the divorce proceeding, Attorney Weidenbaum testified under oath that he and the woman had begun dating in September, 1990 but did not begin living together until the following February. That statement was contrary to one he had given to police officers investigating a domestic altercation the preceding August, in which he identified her as his "live-in girlfriend." During an investigative meeting of the district professional responsibility committee in October, 1993, Attorney Weidenbaum testified under oath that he began dating the woman in August, 1990 and they began living together in January or February, 1991.

On the basis of those facts, the referee concluded that Attorney Weidenbaum engaged in professional misconduct as follows. By representing the new business entity without first consulting with his clients about the conflict of interest and obtaining their written consent to his concurrent representation of the two entities, he represented a client when that representation was directly adverse to another client, in violation of SCR 20:1.7(a).[1] By representing the woman in respect to the new entity and in her divorce without obtaining written consent from the two parties, he represented a client when that representation was materially limited by his representation of the original client and by his personal relationship with the subsequent client, in violation of SCR 20:1.7(b).[2]

The referee also concluded that by entering into the loan transactions without the client's written consent or opportunity to consult with independent

---

[1] SCR 20:1.7 provides, in pertinent part:

**Conflict of interest: general rule**

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents in writing after consultation.

[2] SCR 20:1.7 provides, in pertinent part:

**Conflict of interest: general rule**

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) The lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

712

counsel and when the terms of those loans were not fair or reasonable, Attorney Weidenbaum entered into business transactions with a client prohibited by SCR 20:1.8(a).[3] Finally, by testifying falsely during his deposition in the divorce proceeding and before the district committee concerning when he began dating the client and when they began living together and, in his testimony before the committee, what he did with the two checks she had given him, Attorney Weidenbaum engaged in conduct involving dishonesty, deceit and misrepresentation, in violation of SCR 20:8.4(c),[4] and knowingly made false statements of material fact in connection with a disciplinary investigation, in violation of SCR 20:8.1(a).[5]

---

[3] SCR 20:1.8 provides, in pertinent part:

**Conflict of interest: prohibited transactions**

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

[4] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[5] SCR 20:8.1 provides, in pertinent part:

**Bar admission and disciplinary matters**

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

We adopt the referee's findings of fact and conclusions of law concerning Attorney Weidenbaum's professional misconduct in these matters. The recommended 60-day license suspension is appropriate discipline to impose for that misconduct.

IT IS ORDERED that the license of Attorney Robert M. Weidenbaum to practice law in Wisconsin is suspended for a period of 60 days, commencing November 6, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order Robert M. Weidenbaum pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Robert M. Weidenbaum to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Robert M. Weidenbaum comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

JANINE P. GESKE, J., did not participate.

(a) knowingly make a false statement of material fact;